## Hughes-Ogilvie Co. v. H. M. Construction Co.

Before Carson, P. J., Cummins and Weiner, JJ.

*Charles G. Sweet,* for plaintiff.

*George J. Modrak,* for defendant.

WEINER, J., December 1, 1960.—This is an action of assumpsit in which plaintiff seeks to recover the tax allegedly due under the Selective Sales and Use Tax Act, being the Act of March 6, 1956, P. L. 1228, 72 PS §3403, for goods furnished defendant in connection with the construction by defendant of a school building in Redstone Township in Fayette County. Defendant, the H-M Construction Company, was the general contractor in connection with the construction of that building. Plaintiff was a subcontractor on the same job, their bid or offer to furnish and install school desks and certain scientific equipment at a quoted price having been accepted by defendant. While the material furnished and installed was destined for use as a high school, the school itself as such is not involved in this proceeding or in the transaction.

It is admitted that plaintiff quoted a price of $15,-572 to defendant in which the sales tax was never mentioned. However, the award of the subcontractor was made by defendant to plaintiff on the basis of that price and the items and work covered by their bid were furnished and installed in pursuance thereof. When plaintiff later billed defendant, it included an item of $401.37, allegedly representing the sales tax on the taxable items furnished, in addition to their original bid of $15,572. Defendant paid the bid or quoted price of $15,572, but refused and still refuses to pay the $401.37 claimed by plaintiff to be due them for the sales tax. The matter is now before this court on a motion for judgment on the pleadings, there being no dispute of fact.

The obvious question raised by the pleadings is whether or not plaintiff can collect the sales tax from defendant when such tax was not included in its original bid, nor made a demand for the sales tax before the bid was accepted and acted upon by defendant.

The Commonwealth has issued a number of regulations under the Selective Sales and Use Tax Act with reference to contractors. Regulation 224 provides that a contractor is liable for the payment of tax on property used in the performance of construction activities, notwithstanding that such activities are performed pursuant to a contract with a government agency. In other words, the contractor is considered the consumer under his general contract with respect to the party with whom he deals. This court must, therefore, conclude that a subcontractor must be placed in the same category with respect to taxable items furnished by him to the general contractor unless there is an agreement to the contrary, as where his bid discloses that the price quoted includes the tax, or clearly indicates that the tax is to be added to the bid, and in that form is accepted by the general contractor.

In this case, the subcontractor failed to mention the tax specifically, submitting only a total bid to supply and install certain items needed in the performance of the general contract. It therefore follows that there was no specific agreement on the part of the general contractor, in this case the defendant, to pay the tax in question. The general rule mentioned above must therefore apply, that is, as a subcontractor, plaintiff must be considered the consumer and as such liable for the tax in dispute.

We are not impressed by the argument of counsel for plaintiff that by absorbing and paying this tax, plaintiff might be guilty under the criminal provisions of the Sales Act. Under our construction of the issue involved in this dispute, making the subcontractor the consumer, the possibility of criminal liability no longer exists. There is no statement or agreement in this case on the part of the plaintiff to pay a tax that should have been paid by another. Nor is there any agreement to refund a tax that had been paid by

another nor any failure on its part to fail or refuse to collect a tax that should have been paid by some purchaser.

Accordingly, we must refuse the motion of plaintiff for judgment on the pleadings. Under the admitted facts in this case, and under the law as construed by this court, we are compelled instead to enter judgment for defendant.

*Order*

And now, December 1, 1960, the motion of plaintiff for judgment on the pleadings is refused and it is ordered, adjudged and decreed that judgment be and is hereby entered for defendant.